# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIYAHU BANASH,<br><br>               Plaintiff,<br><br>v.<br><br>CBH20, LP.,<br><br>               Defendant. | CIVIL ACTION NO. 3:18-CV-01252<br><br>MEHALCHICK, M.J.) |

## **MEMORANDUM**

This is a *pro se* personal injury action, initiated upon the filing of the original complaint in this matter by Plaintiff Eliyahu Banash ("Banash") on June 21, 2018. (Doc. 1). In his complaint, Banash seeks damages against Defendant CBH20, LP. for personal injuries allegedly sustained due to Defendant's waterslide ride. (Doc. 1). Banash's complaint states that after being thrown off his board on the "FlowRider," he was shot to the top of the ride, made contact with the top of the ride, and fractured his hand. (Doc. 1, at 3). Banash was initially represented by counsel, however counsel moved to withdraw on December 12, 2018, and this Court granted the motion on December 18, 2018. (Doc. 20; Doc. 22). The case was stayed for 90 days to permit Banash time to obtain new counsel, however new counsel was not obtained and the stay was lifted on April 3, 2019, with Banash proceeding *pro se.* (Doc. 22; Doc. 23). After a period of discovery, Defendant filed a motion for summary judgment on September 3, 2019. (Doc. 33). This motion was briefed by the Defendant but not responded to by the Plaintiff. (Doc. 34). Plaintiff's brief in opposition was due on October 24, 2019. (Doc. 36). That date having passed, Defendant's motion is now ripe for disposition.

I. **SUMMARY OF MATERIAL FACTS**[1]

On June 30, 2016, Plaintiff traveled to Defendant's facility and rode on the "FlowRider" waterslide. (Doc. 35, ¶¶ 1, 2). While observing people riding on the ride, Plaintiff saw people falling, getting back up, and going on the same ride again. (Doc. 35, ¶ 3; Doc. 35-1, at 3). Plaintiff knew that an inherent risk of riding the "FlowRider" was that the rider, either standing or lying down on a board, would fall off, stating "and the ride ends by getting wiped out." (Doc. 35, ¶ 4; Doc. 35-1, at 4). Plaintiff was able to observe how people rode on the ride, how they fell off the board, would have heard instructions playing, and would have seen red warning signs outlining risks associated with riding the "FlowRider."[2] (Doc. 35, ¶ 5; Doc. 35-1, at 5-6).

Plaintiff rode the ride once before he was allegedly injured and went on the attraction a second time, fully aware of how the ride would proceed. (Doc. 35, ¶ 6; Doc. 35-1, at 6-8). During the second time, Plaintiff fell from his board again and felt his left hand hurting but admitted that he did not hit another rider, did not hit anyone at the top, and did not hit any walls on the side or back of the ride.[3] (Doc. 35, ¶ 7; Doc. 35-1, at 10).

The warning for the ride stated the following:

---

[1] The undisputed material facts are taken from Defendant's statement of facts, (Doc. 35), which is deemed unopposed, as Banash has not filed any response to that statement of facts pursuant to Local Rule 56.1. Still, as Plaintiff is *pro se*, any disputed fact revealed by the record shall be noted and considered.

[2] The Court notes that Plaintiff's deposition testimony is he does not recall hearing instructions and that the red warning signs looked like the ones which were "everywhere else in the park," and that they did not specify how to ride the FlowRider itself. (Doc. 35-1, at 5).

[3] Defendant cites to Plaintiff's deposition to support the submission that Plaintiff did not hit any walls on the back of the ride. (Doc. 35, ¶ 7). However, this portion of the deposition is not included in the record. (Doc. 35-1). Pursuant to Fed. R. Civ. P. 56(e), the Court will grant summary judgment if the remaining undisputed facts show Defendant is entitled to it. If not, the Court will give Defendant an opportunity to properly support this fact.

**ATTENTION WAVE RIDING DISCLOSURE AND ASSUMPTION OF RISK**

The Wave Loch FlowRider is a very aggressive white water attraction which combines elements and skills from a variety of board sports, such as snowboarding, boogie boarding, surfing, skateboarding, and wakeboarding. However, participating in this attraction is quite different from each of the activities; and hence in order to maximize your enjoyment and minimize your risk please read the following:

The tricks, stunts or body positions that you may attempt, or inadvertently achieve, will be based upon your real or perceived abilities and skill level. There is a risk of self-inflicted injury or injury caused by others that can result from such tricks, stunts, or body positions which exceed your skill level and which may occur irrespective of your skill level. For instance, you may sustain injury as a result of striking surrounding ride elements, e.g., ride bottom, ride vehicles (Flowboards/Bodyboards) which may contain hard and potentially dangerous materials, containment walls, entering/exiting riders, lifeguards or other ride components. Furthermore, riding may result in the flow of water picking you up and pitching you head-over-heels onto a tensioned fabric or a rigid fiberglass or PVC sub-surface that is covered by a thin layer of foam pad or vinyl tube matting. After this initial dump you may subsequently collide into a retaining wall.

Since you have chosen to participate you agree and waive any and all claims Against [sic] Wave Loch, Inc., Aquatic Development Group, Inc., Camelbeach Waterpark, and all of their respective officers, directors, members, agents, and employees, including but not limited to claims for personal injury, death, or property damage, incurred in any way while on the subject premises. Riding this attraction involved certain inherent risks of injury. However, the fact that you are here proves that the benefits of this attraction, for you, outweigh these risks. And although many before you have ridden unscathed, severe injury is possible……

…….HAVE FUN!

(Doc. 35, ¶ 8; Doc. 35-2; Doc. 35-3).

Plaintiff admitted there was an inherent risk of hitting something while riding the "FlowRider" because of how the ride operates.[4] (Doc. 35, ¶ 9; Doc. 35-1, at 11).

---

[4] The Court notes that Plaintiff admitted only that the sign's words indicated this assertion. (Doc. 35-1, at 11).

## II. MOTION FOR SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000). The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Id.*

"Although the party opposing summary judgment is entitled to the 'benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of

material fact.'"[5] *Velentzas v. U.S.*, No. 4: CV -07-1255, 2010 WL 3896192, *7 (M.D. Pa. August 31, 2010) (quoting *Goode v. Nash,* 241 F. App'x 868, 868 (3d Cir. 2007) (citation omitted). The opposing party 'cannot rest solely on assertions made in the pleadings, legal memorandum, or oral argument.' *Id.* If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986); *Jakimas v. Hoffmann–La Roche, Inc.,* 485 F.3d 770, 777 (3d Cir.2007).

### III. DISCUSSION

Banash's claim against Defendant is based on a theory of negligence. Negligence is "the absence of ordinary care that a reasonably prudent person would exercise in the same or similar circumstances." *Merlini ex rel. Merlini v. Gallitzin Water Auth.*, 980 A.2d 502, 506 (Pa. 2009) (internal citations and quotation marks omitted). "To prevail in a negligence action, a plaintiff must show that the defendant had a duty to conform to a certain standard of conduct, that the defendant breached that duty, that such breach caused the injury in question, and actual loss or damage." *Berrier v. Simplicity Mfg., Inc.*, 563 F.3d 38, 61 (3d Cir. 2009) (internal citation and quotation marks omitted).

Defendant asserts two arguments for why summary judgment is deserving. First, Defendant argues that an inherent risk of harm came with riding the FlowRider and so

---

[5] *See also Beenick v. LeFebvre*, 684 Fed. Appx. 200, 206 (3d Cir. 2017) (stating the purpose of requiring parties to cite to particular parts of the record in their briefs about a motion for summary judgment is to "assist the court in locating materials buried in a voluminous record") (quoting Fed. R. Civ. P. 56(c)(1)(A)).

Defendant had no duty to prevent the same. (Doc. 34, at 5). Second, Defendant argues that Plaintiff is required to provide expert testimony to satisfy the causation element of his claim, and without expert testimony summary judgment is warranted. (Doc. 34, at 8).

### A. Defendant's Duty to Prevent Harm

The first requirement of a negligence action is a duty owed to the plaintiff by the defendant to conform to a certain standard of conduct. *Berrier*, 563 F.3d at 61. "Pennsylvania law has long held that the duty a land possessor owes to a person who enters his land is to be determined based on whether the entrant is a trespasser, an invitee, or a licensee." *Perasso v. Caesars Cove Haven, Inc.*, 2012 WL 2121244, at *3 (M.D. Pa. 2012) (internal citations omitted). Banash qualifies as a business invitee, which is "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." *Estate of Swift v. Northeastern Hosp. of Philadelphia*, 690 A.2d 719, 722 (Pa. Super. 2016). A business invitee is "entitled to the highest duty of care," and the Restatement (Second) of Torts, which Pennsylvania courts have adopted, subjects a land possessor to liability if he:

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343 (1965).

Defendant argues that because Banash's injury arose out of the inherent risk present in performing the activity – riding a waterslide – it owed no duty to Banash and so the negligence claim must fail. (Doc. 34, at 7). Under Pennsylvania law, if an injury arises from

an inherent risk to an activity, then a defendant is under no duty to protect the plaintiff. *Ashmen v. Big Boulder Corp.*, 322 F. Supp. 3d 593, 598 (M.D. Pa. 2018). For the "no duty rule" to apply, the risk which led to the injury must have been common, frequent, and expected. *Jones v. Three Rivers Mgmt. Corp.*, 394 A.2d 546, 551 (Pa. 1978). If the risk is unreasonable and unexpected, then the no duty rule does not apply. *Ashmen*, 322 F. Supp. 3d at 599. "Only when the plaintiff introduces adequate evidence that the amusement facility in which he was injured deviated in some relevant respect from established custom will it be proper for an 'inherent-risk' case to go to the jury." *Craig v. Amateur Softball Ass'n of Am.*, 951 A.2d 372, 378 (Pa. Super. 2008).

The Superior Court of Pennsylvania granted summary judgment on account of the no duty rule to a defendant waterpark in a case which bore strong resemblances to this one. *See Richmond v. Wild River Waterpark, Inc.*, 2014 WL 10789957 (Pa. Super. Ct. 2014). In *Richmond*, the plaintiff was riding an inner tube down a waterslide when he was thrown off the tube and hit his face on the bottom of the slide. *Richmond*, 2014 WL 10789957, at *1. His injuries required surgery and resulted in scarring and permanent loss of his two front teeth. *Richmond*, 2014 WL 10789957, at *1. The plaintiff argued that his "fall, position of his landing and severity of … injury were not inherent risks," so should not be covered by the no duty rule. *Richmond*, 2014 WL 10789957, at *3. In response, the court first clarified that the severity of injury is irrelevant to whether the no duty rule applies. *Richmond*, 2014 WL 10789957, at *3. The question, said the court, is "whether it is a common, frequent and expected part of riding a water slide to be flung forward into the slide." *Richmond*, 2014 WL 10789957, at *3. The plaintiff identified no evidence showing that what occurred was not a "common, frequent and expected part of riding a water slide," therefore the trial court was correct in applying the no

duty rule to the case and granting summary judgment for the defendant. *Richmond*, 2014 WL 10789957, at *3.

The waterslide rider in *Richmond* was thrown off his tube and hit his face on the bottom of the slide. *Richmond*, 2014 WL 10789957, at *1. Plaintiff failed to establish this was not a risk inherent in riding a waterslide. *Richmond*, 2014 WL 10789957, at *3. Here, Banash was thrown off his board and allegedly hit his hand on the top of the ride. (Doc. 1, at 3). In both situations, the riders would ideally stay on their 'vessels' and finish the rides unscathed. However, just as the plaintiff in *Richmond* failed to introduce adequate evidence that it was not frequent, common, and expected to be thrown off the tube resulting in impact with the slide, Banash has failed to introduce evidence that it was not frequent, common, and expected to be thrown off the board resulting in impact with the FlowRider wall. *See Richmond*, 2014 WL 10789957, at *3. Indeed, Banash testified in his deposition that riders were frequently thrown off their boards and pushed to the top of the ride. (Doc. 35-1, at 4, 6). Since Banash has failed to produce evidence that the risk which led to his injury was not common, frequent, and expected, the no duty rule applies and Banash cannot state a *prima facie* claim of negligence. *See Jones*, 394 A.2d at 551.

For this reason, Defendant's motion for summary judgment is **GRANTED**. The issue of whether Banash is required to produce expert testimony need not be addressed at this time.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is **GRANTED.**

An appropriate Order shall follow.

                                              **BY THE COURT:**

**Dated: April 13, 2020**                      *s/ Karoline Mehalchick*
                                              **KAROLINE MEHALCHICK**
                                              **United States Magistrate Judge**